# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

BRANDON HERBERT (#424915)                          CIVIL ACTION

VERSUS

WARDEN JAMES M. LEBLANC, ET AL.                    NO. 06-0291-A-M3

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.   Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, this _____ 1st _____ day of March, 2007.

DOCIA L. DALBY
MAGISTRATE JUDGE

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

FILED
U.S. DIST COURT
MIDDLE DIST OF LA

2007 MAR -2   A 10: 24

BY DEPUTY CLERK

BRANDON HERBERT (#424915)                    CIVIL ACTION

VERSUS

WARDEN JAMES M. LEBLANC, ET AL.          NO. 06-0291-A-M3

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The pro se petitioner, Brandon Herbert, an inmate confined at Dixon Correctional Institute, Jackson, Louisiana, challenges his manslaughter conviction and twenty-five year sentence, entered after a jury trial in June, 2003.  He contends that (1) the evidence was insufficient to support the verdict, (2) the prosecution withheld exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), (3) the trial court wrongly denied defense challenges for cause, and a juror gave false responses during voir dire questioning, and (4) the sentence was excessive.

On May 11, 2006, the Court directed the District Attorney for the Parish of Ascension, State of Louisiana, to respond to the petitioner's application.  Upon a subsequent review of the State's response by the Court, together with a review of the state court record, it appeared to this Court that the petitioner may have failed to exhaust state court remedies with regard to all of his claims as mandated by 28 U.S.C. § 2254(b) and (c).  Accordingly, on October 13, 2006, the Court entered an Order, rec.doc.no. 10, directing the petitioner to appear and show cause, in writing, why his application should not be dismissed for failure to fully exhaust state court remedies.  The petitioner has now responded to the Court's Order.  See rec.doc.no. 11.

In June, 2003, after a trial by jury, the petitioner was found guilty of manslaughter and sentenced to serve twenty-five years in confinement.  The petitioner appealed this sentence,

contending that (1) the prosecution withheld exculpatory evidence in violation of <u>Brady v. Maryland</u>, <u>supra</u>, (2) the trial court wrongly curtailed voir dire questioning on the issue of a "duty to retreat", (3) the trial court erred in failing to exclude jurors for cause who voiced their belief in an unqualified duty to retreat, (4) the evidence was insufficient to support the verdict, and(5) the sentence was excessive.  On February 11, 2005, the Louisiana Court of Appeal for the First Circuit affirmed the petitioner's conviction and sentence.  <u>See</u> <u>State v. Herbert</u>, 895 So.2d 76 (La. App. 1st Cir. 2005). A subsequent  application for supervisory review in the Louisiana Supreme Court was denied on January 9, 2006.  <u>See</u> <u>State v. Herbert</u>, 918 So.2d 1041 (La. 2006).

The petitioner filed the instant application for habeas corpus relief on April 21, 2006.  In this application, in addition to the same claims asserted before the Louisiana state courts, the petitioner has  apparently  inserted  a  new  claim.   Specifically,  whereas  on  direct  appeal,  the  petitioner complained of the trial court's alleged failure to exclude certain jurors for cause, specifically jurors Shamburger, Rhodes, Tureau and Marchand, he now makes no argument relative to these prospective jurors and argues only the claim "that juror Goad did not correctly answer voir dire questions concerning whether he knew the defendant and whether he had been involved in prior civil and criminal litigation."  As far as this Court is able to determine from a review of the record, this claim has never been presented in any form before the state courts.

On October 13, 2006, this Court entered an Order, rec.doc.no. 11, directing the petitioner to appear and show cause, in writing, why his application should not be dismissed for failure to fully exhaust state court remedies pursuant to 28 U.S.C. § 2254(b) and (c).  In response to this Order, the petitioner has failed to specifically address the Court's inquiry and has merely reiterated that he sought appellate review of his conviction and sentence as above-related.  He provides no additional information suggesting that he has presented this claim relative to "juror Goad" to any court in the State of Louisiana.

Under 28 U.S.C. § 2254(b) and (c), a claimant seeking habeas corpus relief in federal court is required to first exhaust his claims by presenting them for review before the courts of the state in which he is confined.  The exhaustion requirement is satisfied only when a petitioner's claims have been properly presented to the state's highest court, either on direct review or on post-conviction attack.  <u>Bufalino v. Reno</u>, 613 F.2d 568, 570 (5th Cir. 1980).  As a general rule, federal habeas corpus relief is available on a habeas petition only when all of the claims in the petition have been exhausted through the state courts.  <u>Rose v. Lundy</u>, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

In response to the Court's Order, the petitioner has provided no information or documentation suggesting that he has proceeded through the state courts or to the Louisiana Supreme Court in connection with his claim relative to "juror Goad".  Accordingly, it is clear that the petitioner has failed to fully exhaust available state court remedies as mandated by federal statute. Accordingly, the petitioner's proceeding in this Court must be dismissed, without prejudice, as a result of his admitted failure to fully exhaust available state court remedies.  28 U.S.C. § 2254(b).

<u>RECOMMENDATION</u>

It is the recommendation of the Magistrate Judge that the petitioner's application for habeas corpus relief be dismissed, without prejudice to later application upon exhaustion of state court post-conviction remedies.

Baton Rouge, Louisiana, this _____ day of March, 2007.

_____
DOCIA L. DALBY
MAGISTRATE JUDGE